# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

MICHELLE VELAS,             )

        Plaintiff         )

       v.              )   **Case No.:**

NCO FINANCIAL SYSTEMS, INC.,  )   **COMPLAINT AND DEMAND FOR**
                       )   **JURY TRIAL**

        Defendant   )

                       )   **(Unlawful Debt Collection Practices)**

## COMPLAINT

MICHELLE VELAS ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business and has an office in the State of Pennsylvania and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

- 1 -

## PARTIES

6.      Plaintiff is a natural person residing in Warrington, Pennsylvania, 18976.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use

- 2 -

unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.   The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.     Beginning on or around May 19, 2010 and continuing until August 2010, Defendant, its agents, employees, and servants, engaged in debt collection activities seeking payment from Plaintiff.

18.     Defendant and its employee identified as "Eric Preston," harassed the Plaintiff in

an attempt to collect the alleged debt.

19.     Defendant and its employees harassed the Plaintiff by making continuous calls to her cellular phone number.

20.     Plaintiff received phone calls and voice messages from Defendant on a number of occasions including but not limited to, numerous calls in the months of June 2010, July 2010, and August 2010 from the following phone number (877) 843-7429. The undersigned has confirmed that the number belongs to the Defendant.

21.     Defendant placed repeated calls to Plaintiff's cellular phone almost every day, causing Plaintiff to receive, at times, more than two (2) collection calls a day.

22.     Defendant placed repeated calls to Plaintiff's cellular phone almost every day, causing Plaintiff to receive, at times, more than twenty (20) collection calls a month.

23.     On May 21, 2010, Defendant sent correspondence to Plaintiff seeking and demanding payment on an alleged debt. A true and correct copy of the May 21, 2010 letter is attached hereto as Exhibit "A".

24.     Defendant's letter was confusing in that it referenced a principal amount owed of $259.58 to a creditor identified as "TD BANK, N.A." and then indicated "REGARDING OVERDRAFT"; this reference was unclear and confusing to Plaintiff.  See Exhibit A.

25.     Defendant's letter also threatened: "Your account may be credit reported!" See Exhibit A.

26.     Further, the letter stated Defendant "may report the account to all national credit bureaus" if Plaintiff failed to resolve the account with Defendant. See Exhibit A.

27.     These statements were alarming to Plaintiff, who worried Defendant may report this alleged debt to the credit bureaus.

28.     Defendant's threat that this debt could be reported to the national credit bureaus overshadowed Plaintiff's rights pursuant to the FDCPA to dispute the debt or seek verification.

-4-

29.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

30.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

31.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

32.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection

- 5 -

practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

33.   In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

     a.   Defendant violated of the FDCPA generally;

     b.   Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

     c.   Defendant violated § 1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

     d.   Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

     e.   Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

     f.   Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

     g.   Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, MICHELLE VELAS, respectfully pray for a judgment as follows:

     a.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

- 6 -

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHELLE VELAS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 4|15|11

KIMMEL & SILVERMAN, P.C..

By: _____

Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

- 7 -

PO BOX 15630
DEPT 99
WILMINGTON DE 19850



# NCO FINANCIAL SYSTEMS INC

507 Prudential Road, Horsham, PA 19044

877-843-7429
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
May 21, 2010

Calls to or from this company may be monitored
or recorded for quality assurance.

54-8361

:7BQV
MICHELLE E VELAS

CREDITOR: TD BANK, N.A.
ACCOUNT #:              250D
REGARDING: OVERDRAFT
PRINCIPAL: $ 259.58
INTEREST: $ 0.00
INTEREST RATE:
COLLECTION CHARGES: $ 0.00
COSTS: $ 0.00
OTHER CHARGES: $ 0.00
TOTAL BALANCE: $ 259.58

Your Account May Be Credit Reported!

Our records indicate that your balance of $259.58 is due in full. It is our intention to work with you to resolve this collection account. However, subject to your dispute and validation rights provided below, if you fail to resolve this collection account, we may report the account to all national credit bureaus.

Returned checks may be subject to the maximum fees allowed by your state.

To assure proper credit, please put our internal account number :7BQV on your check or money order.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is C1R7BQV9-9C3FLT1. To receive future notices for the account(s) by e-mail, visit www.ncofinancial.com for details.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | Total Balance |
|---|---|
| :7BQV | $ 259.58 |

MICHELLE E VELAS

Payment Amount

$





PLAINTIFF'S
EXHIBIT
A

Check here if your address or phone number has
changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 15740
WILMINGTON, DE 19850-5740

NCOP 1
8361

0199001R7BQV300000001000000000000259587